

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 29 2019

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JUSTIN WILLIAMS, Individually and on
Behalf of All Others Similarly Situated**                **PLAINTIFF**

vs.                    Case No. 4:19-cv-_606 - DPM_

**JEI TRUCKING, LLC, STEVEN NASON, and
STARR OILFIELD SERVICES, LLC.**                **DEFENDANTS**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Justin Williams ("Plaintiff"), individually and on behalf of all others similarly, by and through his attorneys Steve Rauls and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants JEI Trucking, LLC, Steven Nason, and Starr Oilfield Services, LLC (collectively "Defendants"), does hereby state and allege as follows:

### I.
### JURISDICTION AND VENUE

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and all others similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek.

This case assigned to District Judge _Marshall_
and to Magistrate Judge _Kearney_

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

## II.
## THE PARTIES

4. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

5. Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Texas.

6. At all times relevant to the allegations in this Complaint, Plaintiff was a piece-rate paid employee at Defendants' trucking business on location in Oklahoma.

7. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

8. At all times material herein, Plaintiff and those similarly situated have been improperly classified by Defendants as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

9. Defendants are "employers" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiff's joint employer.

10. Defendant JEI Trucking, LLC ("JEI Trucking") is a domestic limited liability company and operates a trucking business within and without the State of Arkansas, with its principal address in Pope County.

11. JEI Trucking has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

12. Within the three years preceding the filing of this Complaint, JEI Trucking's annual gross volume of sales made or business done was not less than $500,000.00.

13. At all relevant times, JEI Trucking had a minimum of two employees.

14. Defendant JEI Trucking's registered agent for service of process for the State of Arkansas is Gary W. Nason, Jr., 77 Willenburg Lane, Russellville, Arkansas 72802.

15. Defendant Steven Nason is the owner, principal, director, and/or officer of JEI Trucking, LLC.

16. Upon information and belief, Defendant Nason manages and controls the day-to-day operations of JEI Trucking and dictates and the employment policies of JEI Trucking, including but not limited to the decision to not pay Plaintiff an extra premium for work in excess of forty hours per week.

17. Defendant Starr Oilfield Services, Inc. ("Starr Oilfield"), is an Oklahoma for-profit corporation.

18. Defendant Starr Oilfield has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

19. Within the three years preceding the filing of this Complaint Defendant Starr Oilfield's annual gross volume of sales made or business done was not less than $500,000.00.

20. Defendant is an Oklahoma for-profit corporation whose registered agent for service of process for the state of Oklahoma is Riley Carbone Kern, 7813 South Harvard Avenue, Tulsa, Oklahoma 74136.

21. Defendant Starr Oilfield contracted with JEI Trucking to provide trucking services at Starr Oilfield's location in Oklahoma.

22. Defendants are joint employers within the meaning of the FLSA.

### III.
### FACTUAL ALLEGATIONS

23. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

24. Plaintiff worked for Defendants from May of 2019 to August of 2019.

25. Plaintiff worked as a specialized trucker, called a sand hauler, which involved loading, transporting, and unloading sand.

26. Defendants' trucking business operates seven days per week.

27. Defendants scheduled Plaintiff and others similarly situated to work more than 40 hours per week.

28. Defendants had a policy of requiring Plaintiff and similarly situated employees to work every day of the week, sometimes as much as twenty hours per day.

29. Defendants classified Plaintiff and similarly situated employees as independent contractors.

30. Defendants provided Plaintiff and similarly situated employees with company vehicles.

31. Defendants did not allow Plaintiff and similarly situated employees to work for any other company while working for Defendants.

32. Plaintiff and similarly situated employees never crossed state lines in the course of their employment.

33. Plaintiff and similarly situated employees did not have authority to hire or fire employees.

34. Plaintiff and similarly situated employees did not have the opportunity to negotiate their wages.

35. Plaintiff and similarly situated employees were paid on a piece-rate basis for each load they delivered.

36. On average, one load took approximately five hours to deliver and unload.

37. Defendants did not pay Plaintiff or similarly situated employees any overtime premium for hours worked in excess of forty per week.

## IV.
## REPRESENTATIVE ACTION ALLEGATIONS

38.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated hourly employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.      Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in any week; and

B.      Liquidated damages and attorney's fees.

39.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto a written Consent to Join this lawsuit.

40.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

41.     Plaintiff proposes the following class under the FLSA:

**All sand haulers who worked
over forty (40) hours in any week.**

42.     The proposed FLSA class members are similarly situated in that they share these traits:

A.      They were classified by Defendants as exempt from the minimum wage and overtime requirements of the FLSA;

B.      They were paid on a piece-rate basis;

C.      They were not paid an overtime premium for all hours worked in excess of forty (40) per week;

  D. They regularly worked more than forty (40) hours per week; and

  E. They had the same or similar duties.

43. Plaintiff is unable to state the exact number of the class but believes that the class exceeds five (5) persons.

44. Defendants can readily identify the members of the Section 16(b) class, which encompasses all piece rate employees who worked as truckers within the relevant time period.

45. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V.
## FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all relevant times, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49. At all relevant times, each Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51. Defendants improperly classified Plaintiff as an independent contractor and therefore as exempt from the overtime requirements of the FLSA.

52. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

53. Defendants' failure to pay Plaintiff all overtime wages was willful.

54. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.
## FOURTH CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

55. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

56. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

57. At all relevant times, Defendants have been an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

58. Defendants classified Plaintiff and all others similarly situated as independent contractors and therefore as exempt from the overtime requirements of the FLSA.

59. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff and those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

60. Defendants willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

61. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

# VII.
# PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Justin Williams, individually and on behalf all others similarly situated and members of the proposed Section 216 class, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective members;

C. For an order of this Honorable Court entering judgment in Plaintiff's favor against Defendants for actual economic damages in an amount to be determined at trial;

D. For liquidated damages as provided for under the FLSA;

E. For punitive damages in an amount to be determined at trial;

F. For attorneys' fees, costs, and pre-judgment interest; and

G. For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**JUSTIN WILLIAMS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JUSTIN WILLIAMS, Individually and on
Behalf of All Others Similarly Situated**                    **PLAINTIFF**

vs.                           Case No. 4:19-cv-_____

**JEI TRUCKING, LLC, STEVEN NASON, and
STARR OILFIELD SERVICES, LLC**                               **DEFENDANTS**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly paid worker for JEI Trucking, LLC, Steven Nason, and Starr Oilfield Services, LLC, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

Signature: _____
JUSTIN WILLIAMS

Date: August 28, 2019

*/s/ Josh Sanford*
**Josh Sanford, Esq.
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com**